UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALPHONSO JAMES, SR.,

    Petitioner,

v.                                 Case No: 2:14-cv-243-FtM-29CM
                                  Case No. 2:95-CR-33-FTM-29

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Cv. Doc. #1; Cr. Doc. #321)[1] filed on May 5, 2014. Petitioner also filed a Memorandum of Law in Support (Cv. Doc. #2).

**I.**

On May 30, 1995, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with knowingly possessing in and affecting commerce a firearm after having been convicted of a felony. On March 5, 1996, the Court sentenced petitioner to a term of imprisonment of 262 months, to be followed by a term of supervised release. (Cr. Doc. #58.) An

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Amended Judgment (Cr. Doc. #70) was issued on April 16, 1996, to grant petitioner credit for time served from April 5, 1995.

On July 12, 1996, petitioner file a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #73). <u>See also</u> Case No. 2:96-cv-251-FTM-29. On October 31, 1996, petitioner filed a Notice of Appeal (Doc. #79) from the criminal (amended) judgment. As a result, the Court denied petitioner's first Motion Under 28 U.S.C. § 2255 Motion for lack of jurisdiction. (Cr. Doc. #131.)

On January 2, 2001, the Eleventh Circuit affirmed petitioner's conviction and sentence. (Cr. Doc. #145.) On June 4, 2001, the Court granted petitioner's Motion for Voluntary Dismissal (Cr. Doc. #156) of his Motion for Void Judgment for Lack of Jurisdiction (Cr. Doc. #152), construed as a motion pursuant to 28 U.S.C. § 2255 in the same civil case, Case No. 2:96-cv-251-FTM-29. (Cr. Doc. #157.)

On July 9, 2001, petitioner filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #163) and the government was directed to file a response. On April 9, 2002, petitioner's Motion was denied and the Clerk was directed to enter judgment. (Cr. Doc. #185.) Petitioner filed a Notice of Appeal, and on July 3, 2002, the Eleventh Circuit dismissed the appeal. (Cr. Doc. #191.) On November 29, 2004, the Eleventh Circuit denied leave to file a

second or successive motion under 28 U.S.C. § 2255. (Cr. Doc. #193.)

Over the years, petitioner continued to file several miscellaneous motions for reduction of his sentence. Of relevance, on April 27, 2005, the Court issued an Opinion and Order (Cr. Doc. #199) denying petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2); on November 15, 2005, the Court issued an Opinion and Order (Cr. Doc. #209) dismissing petitioner's Motion to Reduce Pursuant to 18 U.S.C. 3582 for lack of jurisdiction; on January 18, 2007, the Court issued an Opinion and Order (Cr. Doc. #249) dismissing petitioner's Motion for Lack of Subject-Matter Jurisdiction, and denying in the alternative; on January 5, 2011, the Court issued an Order (Cr. Doc. #300) denying petitioner's Motion for Void Judgment for Lack of Subject Matter Jurisdiction for lack of jurisdiction, and denying in the alternative; and on April 1, 2011, the Court issued an Order (Cr. Doc. #308) denying petitioner's Motion for Dismissal or to Quash Indictment for Fraud. On May 5, 2014, petitioner filed his 2255 Motion pursuant to 28 U.S.C. 2255(f)(3).

**II.**

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit

Court of Appeals.  28 U.S.C. § 2255(h)[1]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001 (2012).  Petitioner has not indicated that such certification was received and in the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006).

As the record reflects no such authorization, the Motion must be dismissed, and the Court need not address whether the motion may be considered under 28 U.S.C. § 2255(f)(3).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

[1] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #321) is **dismissed** for lack of jurisdiction.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of May, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA